# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDDIE TOURELLE'S NORTHPARK
HYUNDAI, LLC**                                    **CIVIL ACTION**

**VERSUS**                                              **NO: 18-11757**

**HYUNDAI MOTOR
AMERICA CORP., ET AL.**                          **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 16). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

This lawsuit arises out of the franchise relationship between Plaintiff Eddie Tourelle's Northpark Hyundai, LLC and Defendants Hyundai Motor America Corporation ("HMA") and Genesis Motor America, LLC ("GMA"). Plaintiff alleges that it entered into a Dealer Sales and Service Agreement ("DSS Agreement") with HMA, which gave Plaintiff the right to purchase and sell Hyundai products at its dealership, including the Hyundai Genesis. In 2015, HMA announced that the Genesis would be spun-off into a new line of luxury vehicles. Plaintiff signed an agreement with HMA to be eligible to

1

purchase and sell the new Genesis line vehicles ("the Participation Agreement"). The Participation Agreement required Plaintiff to upgrade its sales and service facilities in order to sell the Genesis line. To comply with the Participation Agreement, Plaintiff spent $135,208.50 on renovations and employee training.

In connection with the re-branding, HMA allegedly made conflicting representations to the Louisiana Motor Vehicle Commission ("LMVC") regarding whether the Genesis vehicles were manufactured by HMA or GMA. The LMVC found that GMA was the manufacturer/distributor of the new line and that it had failed to secure proper licensing to sell in Louisiana. As a result, HMA and GMA ordered Plaintiff and other Genesis dealers in Louisiana to stop selling the Genesis line. Plaintiff argues that as a result of Defendants' failure to secure proper licensing, it was prohibited from selling Genesis vehicles despite complying with the terms of the Participation Agreement.

Plaintiff filed suit in state court, bringing claims for breach of contract, negligence, violation of the Louisiana Motor Vehicles Act, and violation of the Louisiana Unfair Trade Practices Act against HMA and GMA. Defendants removed the case to this Court on diversity grounds. Defendants now bring the instant Motion to Dismiss, arguing that Plaintiff has failed to state a claim under for which relief can be granted. This Court will consider their arguments in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Defendants have moved for dismissal of Plaintiff's claims for violation of the Louisiana Motor Vehicles Act ("LMVA"), breach of contract, violation of the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

Louisiana Unfair Trade Practices Act ("LUTPA"), and negligence against HMA and GMA. This Court will consider each claim in turn.

### A. LMVA Claims

Plaintiff brings a claim against Defendants for violations of the LMVA. Defendants move for dismissal of these claims, arguing that the LMVA does not provide a private right of action. In *Crescent City M Dealership, L.L.C. v. Mazda Motor of America, Inc.*, a section of this Court held that "the LMVA constitutes a comprehensive regulatory scheme that confers upon the [Louisiana Motor Vehicle] Commission the power and authority to implement its purpose. The language of the Act does not contemplate private actions to enforce its provisions. . . . [T]he grant of such broad regulatory and enforcement powers to a state agency forecloses a private right of action, absent language expressly granting one."[9] The Fifth Circuit affirmed this holding in a per curiam opinion and other courts have adopted its reasoning.[10] This Court does not find any of Plaintiff's arguments seeking a holding contrary to these opinions compelling.[11] Accordingly, Plaintiff's claims under the LMVA are dismissed with prejudice because the LMVA does not provide a private right of action.

### B. Breach of Contract claims

Plaintiff alleges that Defendants breached the DSS Agreement and Participation Agreement in several ways: (1) by failing to obtain proper

---

[9] No. 00-1620, 2000 WL 1372965, at *2 (E.D. La. Sept. 22, 2000) (Vance, J.), aff'd, 275 F.3d 43 (5th Cir. 2001).

[10] *See* Navarre Chevrolet, Inc. v. Hyundai Motor Am. Corp., No. 18-327, Doc. 44 (W.D. La. 2019) (and cases cited therein).

[11] The court in *Navarre* explains why Plaintiff's reliance on the analysis in *Anderson v. Ochsner Health Sys.*, 172 So. 3d 579, 581 (La. 2014), would be unavailing here. *Id.*

licensing to permit the sale of Genesis vehicles, (2) by removing Plaintiff from its website as an authorized Genesis dealer, (3) by suspending the sale of Genesis vehicles, (4) by refusing to make Genesis vehicles available to Plaintiff for sale until Plaintiff entered into the Participation Agreement, and (5) by removing the Hyundai Equus model from the HMA model line and transferring it to the Genesis model line as the Genesis G90.

Defendants set forth several arguments for the dismissal of these claims. Specifically, Defendants argue (1) that GMA cannot be liable for any breach of contract because it was not a party to either agreement, (2) that the DSS Agreement did not contemplate the sale of the Genesis vehicles at issue, (3) that each agreement contained terms reserving to HMA the right to modify or terminate the sale of its products from time to time, and (4) that neither agreement contained any obligation to obtain a license or to include Plaintiff in internet marketing. In considering these arguments, this Court will consider the DSS and Participation Agreements attached to Defendants' Motion to Dismiss because they are referenced by the Petition and are central to Plaintiff's breach of contract claims.

### 1. Breach of Contract Claims against GMA

First, Defendants argue that GMA is not a party to either the DSS Agreement or the Participation Agreement and it therefore cannot be held liable for the breach of those contracts. Under Louisiana law, it is well-settled that "an individual cannot be liable for breach of a contract to which he is not a party."[12] Plaintiff gives short strife in opposing this argument, stating

---

[12] B-G & G Inv'rs VI, L.L.C. v. Thibaut HG Corp., 985 So. 2d 837, 842 (La. App. 4 Cir. 2008).

vaguely that GMA could be liable as a non-signatory under "various alter-ego theories or by virtue of the fact that GMA was a third-party beneficiary of the contracts."[13] Plaintiff does not, however, indicate how the facts alleged in the Petition support such a claim. The Petition does not allege facts showing that GMA is an alter ego of HMA or that it was a third-party beneficiary of the contracts at issue. Accordingly, Plaintiff's claims for breach of contract against GMA are dismissed.

### 2. *Breach of Contract Claims against HMA*

#### a. **Suspension of Sale of Genesis Vehicles**

First, Defendants argue that the DSS Agreement does not contemplate the sale of Genesis vehicles and therefore HMA could not have breached this agreement by suspending their sale or by requiring Plaintiff to enter into the Participation Agreement. They argue that the DSS Agreement applies only to the sale of the specific products identified in a product addendum to the DSS Agreement. Plaintiff correctly points out, however, that this addendum lists a "Genesis Sedan" as one of the products contemplated by the DSS Agreement. Defendants argue that the "Genesis Sedan" refers to a now discontinued model and not to the Genesis G80 and G90 at issue here. This Court, however, must view the facts in a light most favorable to Plaintiff. A factual determination of whether the term "Genesis Sedan" contemplates the vehicles at issue here is inappropriate at the motion to dismiss stage. This argument for dismissal therefore fails.

---

[13] Doc. 18, n.3.

Next, Defendants argue that HMA cannot be liable for breach of contract for suspending the sale of Genesis vehicles because both the DSS and Participation Agreements contained terms reserving to HMA the right to modify or terminate the sale of its products from time to time. Defendants point out that the Participation Agreement expressly states that "HMA reserves the right at any time and from time to time to modify or discontinue, temporarily or permanently, the production and/or sale of the Genesis Branded Products and any or all models thereof."[14] Likewise, the DSS Agreement states that HMA may revise the products it offers "from time to time" and "in its sole discretion."[15]

Plaintiff does not dispute that the Agreements contain these provisions. Rather, it argues that these provisions are null and void as prohibited by the LMVA. Plaintiff argues that the LMVA prohibits franchise agreements between dealers and distributors or manufacturers that allow the distributors or manufacturers to make unilateral, material modifications to the agreements without good cause. Defendants contend that Plaintiff's argument is tantamount to allowing a a private right of action under the LMVA, which has already been held is not available. This Court agrees. Plaintiff asks this Court to consider whether the contracts at issue have violated the LMVA, rendering certain provisions null and void such that its breach of contract claims can proceed. The LMVA leaves such determinations to the province of the LMVC.[16]

---

[14] Doc. 16-3, p. 5.

[15] Doc. 16-2, p. 1.

[16] In fact, the LMVA allows the Commission to hear complaints regarding whether there is good cause for permitting a proposed modification to a franchise. LA. REV. STAT. § 32:1261(A)(6).

Accordingly, by the express and unambiguous terms of the DSS and Participation Agreements, HMA's decision to suspend sales of Genesis vehicles cannot be a breach of contract. Likewise, HMA cannot have breached the DSS Agreement by removing the Hyundai Equus model from the HMA model line and transferring it to the GMA model line. Plaintiff's breach of contract claims on these grounds are therefore dismissed.

### b. Failure to Use Best Efforts

Plaintiff lumps many of its other allegations of breach under the DSS Agreement's requirement that HMA use its "best efforts" to provide Plaintiff with Hyundai Products.[17] Plaintiff argues that HMA failed to use its "best efforts" when it (1) failed to secure proper licensing, (2) made conflicting representations to LMVC regarding the manufacturer of the Genesis line, (3) refused to make the Genesis line available to Plaintiff while it was available to dealers in other states, and (4) forced Plaintiff to enter into the Participation Agreement before it could sell the Genesis line.

The provision of the DSS Agreement to which Plaintiff refers states in full that "HMA will use its best efforts to provide Hyundai Products to [Plaintiff] subject to available supply from FACTORY, HMA's marketing requirements, and any change or discontinuance with respect to any Hyundai Product."[18] HMA argues that this provision expressly allows it the right to do what Plaintiff attempts to characterize as a breach—that is, change the products it offers to Plaintiff. This Court agrees that the DSS Agreement gives

---

[17] Plaintiff does not point this Court to any similar provision in the Participation Agreement. Accordingly, claims for breach of the Participation Agreement on these grounds are dismissed.

[18] Doc. 16-2, p. 16.

HMA the unilateral right to adjust its product offerings at any time. However, it is not clear whether that right is still limited by the requirement that it use its best efforts to supply to Plaintiff the products that it manufactures. Accordingly, this Court finds the aforementioned provision to be ambiguous. Once a written document is found to be ambiguous, "the determination of the parties' intent through extrinsic evidence is a question of fact."[19] Accordingly, resolution of this issue is inappropriate at the motion to dismiss stage. Plaintiff's claims against HMA for breach of the DSS Agreement's obligation to use best efforts are not dismissed.

### c. Failure to Provide Marketing

Plaintiff also alleges that HMA breached its obligation under the DSS Agreement to engage in marketing efforts to the benefit of Plaintiff by removing it from its online list of authorized Genesis dealers. It points to language in the DSS Agreement that "HMA agrees to establish and maintain general advertising and promotion programs and will from time to time make sales promotion and campaign materials available to [Plaintiff] to promote the sale of such Hyundai Products."[20] As Defendant points out, this provision does not expressly obligate it to undertake any particular type of advertising and specifically does not obligate it to maintain a website or list Plaintiff on its website. This Court agrees. Plaintiff has not pointed this Court to any provision of either agreement that requires such, and Defendant therefore cannot be held liable for breaching the Agreements on this ground.

---

[19] Prescott v. Northlake Christian Sch., 369 F.3d 491, 495 (5th Cir. 2004).
[20] Doc. 16-2, p. 20.

## C. LUTPA Claims

Plaintiff next brings claims against Defendants under LUTPA. Louisiana law permits Plaintiffs injured by unfair trade practices to bring a private action for damages.[21] The Louisiana Supreme Court has consistently held that "in establishing a LUTPA claim, a plaintiff must show that the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious. [T]he range of prohibited practices under LUTPA is extremely narrow, as LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence."[22] Defendants argue, and this Court agrees, that Plaintiff has not alleged facts to support such a claim. Even when viewed in a light most favorable to Plaintiff, the allegations of the Petition do not rise to the level of egregious conduct required to state a claim under LUTPA. Plaintiff's allegations against Defendants amount to gross negligence, at worst, in failing to obtain proper licensing and mispresenting the manufacturer of the Genesis line to Plaintiff and others. Indeed, the Petition even alleges that Defendants paid the fine levied against Plaintiff by the LMVC for the unauthorized sale of Genesis vehicles. These facts are not indicative of the sort of unethical and unscrupulous behavior prohibited by LUTPA. Accordingly, Plaintiff's LUTPA claims are dismissed.

---

[21] LA. REV. STAT. § 51:1409.

[22] Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., 144 So. 3d 1011 (La. 2014), (internal quotation and citations omitted).

## D. Negligence Claims

Finally, Plaintiff brings claims for state law negligence for failing to obtain proper licensing to permit the sale of Genesis vehicles in Louisiana and for eliminating the Hyundai Equus model and transferring it to the Genesis vehicle line. Defendants seek dismissal of these claims, arguing that Plaintiff has not alleged a legal duty that was breached. "The existence of the duty is a question of law. Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties."[23] Plaintiff argues that a duty is established either by the Agreements between the parties and their ongoing business relationship or by the provisions of the LMVA and Automotive Dealer's Day in Court Act ("ADDCA").

Plaintiff's Petition expressly alleges that Defendants "were negligent in their failure to obtain the correct licenses" and that they "negligently devalued the Hyundai brand by eliminating the Hyunda Equus model."[24] "The classical distinction between 'damages ex contractu' and 'damages ex delicto' is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons."[25] Clearly the negligence allegations in the Petition are simply restatements of Plaintiff's breach of contract allegations discussed above. Defendants did not owe a general duty to Plaintiff, either because of their relationship or by statute, to obtain certain licensing or offer certain vehicles for sale. Those duties arose out of the Agreements between the parties and

---

[23] FIE, LLC v. New Jax Condo Ass'n, Inc., 241 So. 3d 372, 392 (La. App. 4 Cir. 2018).
[24] Doc. 1-1.
[25] Caballero v. Keystone Customs, L.L.C., 188 So. 3d 385, 389 (La. App. 5 Cir. 2016).

sound in contract. Accordingly, Plaintiff cannot succeed on the tort claims outlined in the Petition.

In its opposition to Defendants' Motion to Dismiss, however, Plaintiff attempts to recharacterize its negligence claims as claims for negligent misrepresentation in reliance on *Navarre Chevrolet, Inc. v. Hyundai Motor America Corp.*[26] As in *Navarre*, Plaintiff argues that it had a pre-existing contractual relationship with Defendants which gave rise to a duty to supply Plaintiff with correct information with regard to the Genesis vehicles being sold to Plaintiff. Plaintiff argues that Defendants breached this duty by misrepresenting the manufacturer of these vehicles and misrepresenting its efforts to obtain proper licensing to sell them. This claim was not, however, identified in the Petition. Under Rule 8's notice pleading requirement, "defendants in all lawsuits must be given notice of specific claims against them."[27] The complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[28] Here, Plaintiff's Petition fails to put Defendants on notice that it plans to bring a claim for negligent misrepresentation.

### E. ADDCA and Detrimental Reliance

Plaintiff's opposition also contends that although it is not expressly indicated in the Petition, the facts pleaded therein support claims for violations of the ADDCA and detrimental reliance. As discussed above, the Petition fails

---

[26] No. 18-327, Doc. 44.
[27] Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008).
[28] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

to put Defendants on notice that Plaintiff plans to bring claims for violation of the ADDCA and detrimental reliance.

## CONCLUSION

For the foregoing reasons, the Motion to DISMISS is GRANTED IN PART. Only Plaintiff's claim for breach of the DSS Agreement's requirement to use best efforts against HMA remains. Plaintiff's claims for violations of the LMVA, violations of LUTPA, negligence, and all other breach of contract claims are DISMISSED.

Plaintiff may amend its Petition within 20 days of this Order to the extent it can remedy the deficiencies identified herein.

New Orleans, Louisiana this 20th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**